IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2020 Term

_____

No. 19-1078

_____

FILED

**June 12, 2020**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL. S.W., N.W. AND M.W,
Petitioners

v.

THE HONORABLE PATRICK N. WILSON, JUDGE OF THE CIRCUIT COURT OF
MARION COUNTY, AND S.K,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED AND REMANDED WITH INSTRUCTIONS
_____

Submitted: April 21, 2020
Filed: June 12, 2020

Clarissa M. Banks, Esq.
Manchin Injury Law Group, PLLC
Fairmont, West Virginia
Guardian ad Litem for S.W., N.W.,
and M.W.

Frances C. Whiteman, Esq.
Whiteman Burdette, PLLC
Fairmont, West Virginia
Counsel for Respondent S.K.

Patrick Morrisey, Esq.
Attorney General
Charleston, West Virginia
Chaelyn W. Casteel, Esq.
Assistant Attorney General
Fairmont, West Virginia
Counsel for West Virginia DHHR

JUSTICE WALKER delivered the Opinion of the Court.

CHIEF JUSTICE ARMSTEAD and JUSTICE JENKINS concur in part, dissent in part
and reserve their rights to file separate opinions.

SYLLABUS BY THE COURT

1.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

2.      "Prohibition is available to abused and/or neglected children to restrain courts from granting improvement periods of a greater extent and duration than permitted under [W. Va. Code §§ 49-4-601 *et seq.*]." Syllabus Point 2, *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 470 S.E.2d 205 (1996).

i

WALKER, Justice:

In 2018, an abuse and neglect proceeding was initiated against S.K., the mother of minor children S.W., N.W., and M.W.[1] The children have been in foster care since that time. Clarissa M. Banks, guardian ad litem for the minor children, seeks an order prohibiting the Circuit Court of Marion County from granting a post-dispositional improvement period to S.K. Ms. Banks argues that the improvement period should not have been granted because it was contrary to the statutory limitation in West Virginia Code § 49-4-610(9), in that the children have been in foster care for more than fifteen of the most recent twenty-two months. S.K. argues that she has demonstrated that she is likely to comply with the terms of an improvement period and maintains that she can correct the conditions of abuse and neglect, so the grant of an improvement period is in the best interest of the children.

Because we find that the circuit court committed clear error of law in granting an improvement period that exceeded the time limits on foster care imposed by West Virginia Code § 49-4-610(9) without sufficient findings that the grant of this improvement period was in the best interest of the children, we grant the writ and remand this case to the circuit court for entry of an order terminating S.K.'s parental rights. We also instruct the

---

[1] Because this case involves minors and sensitive matters, we follow our longstanding practice of using initials to refer to the children and the parties. *See, e.g.*, *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

1

circuit court to analyze whether granting post-termination visitation is in the best interest of the minor children.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2018, the West Virginia Department of Health and Human Resources (DHHR) filed an abuse and neglect petition alleging that S.K. abused controlled substances while the minors S.W. and N.W. were in her care, custody, and control.[2] At the same time, S.W. and N.W. were removed from S.K.'s custody and placed with a foster family. The minor child M.W. was not yet born when this petition was filed. On April 11, 2018, the Circuit Court of Marion County adjudicated S.K. as an abusing or neglectful parent. In May 2018, S.K. moved for, and the circuit court granted, a six-month post-adjudicatory improvement period. Between May and November 2018, S.K. failed to submit to any drug screens and the DHHR terminated her required services due to noncompliance.

The DHHR filed an amended petition on August 27, 2018, to include the newborn child M.W. in the abuse and neglect proceeding. The DHHR filed a second amended petition in January 2019 to include additional allegations mistakenly excluded

---

[2] S.K.'s parental rights to four older children have already been either voluntarily or involuntarily terminated; those children are not parties in this case. Those other cases, arising as early as 2012, took place in West Virginia and Maryland. Three of the total seven children were born exposed to illegal substances, including the minor N.W. N.W.'s exposure led to a 2016 abuse and neglect proceeding in Monongalia County, but S.K. successfully completed the required services and regained custody of S.W. and N.W. in March 2017. The current case was instituted less than one year later in February 2018.

after M.W.'s birth, and to include allegations of abandonment by M.W.'s father. At some point after the second amended petition was filed, the circuit court terminated the parental rights of M.W.'s father.[3]

The circuit court adjudicated S.K. as an abusing parent regarding the amended petitions on April 22, 2019. Between the close of S.K.'s improvement period in November 2018 and the April 2019 adjudicatory hearing, S.K. entered into Union Mission's faith-based drug rehabilitation program on three separate occasions. Each time, she left the program and stopped participating, apparently as a result of M.W.'s father being released from jail. Also between November 2018 and April 2019, S.K. was participating in drug screens and the DHHR made new referrals for her to participate in parenting and adult life skills classes. These services were later closed due to S.K.'s noncompliance. Ultimately, in July 2019, S.K. entered the Summit Center's Pregnant and Postpartum Women's drug rehabilitation facility. By that time, S.W. and N.W. had already been in foster care for seventeen months and M.W. had been in foster care for her entire life, just under one year.

The circuit court held dispositional hearings on September 16 and October 25, 2019. At the time of the hearings, S.K. was still in the Summit Center rehabilitation program and had not obtained suitable housing or complied with any of the DHHR's

---

[3] On June 19, 2019, the DHHR filed a third amended petition to include allegations of abandonment by S.W. and N.W.'s unknown fathers. The circuit court also terminated the rights of those fathers.

services.  S.K. presented testimony by her rehabilitation counselor, who said she believed S.K. had made marked improvements and was likely to make necessary efforts to get her children back.  S.K. also moved for a post-dispositional improvement period at this time. The DHHR and the GAL recommended termination of S.K.'s parental rights.

In its November 4, 2019 order, the circuit court declined to terminate S.K.'s parental rights and granted S.K.'s motion for a six-month post-dispositional improvement period.  At this time, S.W. and N.W. had been in foster care for twenty months, and M.W. had been in foster care for approximately fourteen months.  The GAL immediately filed a petition for writ of prohibition to this Court on the ground that the circuit court's grant of a post-dispositional improvement period was in violation of the mandate in West Virginia Code § 49-4-610(9) that no combination of improvement periods operate to keep children in foster care for more than fifteen of the most recent twenty-two months.  The GAL also filed a motion to stay visits between the children and S.K. pending this Court's decision.[4] The circuit court entered an order staying visits on November 12, 2019.

## II.  STANDARD OF REVIEW

The standard of review for issuing a writ of prohibition is well-established by this Court.  In Syllabus Point 4 of *State ex rel. Hoover v. Berger*,[5] we held:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded

---

[4] According to the record in this case, the children have not been in contact with S.K. since February 2018.

[5] 199 W. Va. 12, 483 S.E.2d 12 (1996).

4

its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

In *State ex rel. Amy M. v. Kaufman*,[6] this Court granted a writ of prohibition in a child abuse and neglect proceeding, noting that "'[o]ur modern practice is to allow the use of prohibition, based on the particular facts of the case, where a remedy by appeal is unavailable or inadequate, or where irremediable prejudice may result from lack of an adequate interlocutory review.'"[7]  Finally, while the decision to grant or deny an improvement period is generally an act within the circuit court's discretion,[8] we have also

---

[6] 196 W. Va. 251, 470 S.E.2d 205 (1996).

[7] *Id.* at 257, 470 S.E.2d at 211 (quoting *McFoy v. Amerigas, Inc.,* 170 W. Va. 526, 532, 295 S.E.2d 16, 22 (1982)).

[8] *See* Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements. . . .").

5

recognized that discretionary acts are not immune from the extraordinary remedy of a writ of prohibition.[9]

With these standards in mind, we address the parties' arguments.

## III. DISCUSSION

Ms. Banks argues that the circuit court exceeded its legitimate powers in granting S.K. a post-dispositional improvement period because the circuit court failed to adhere to the mandate in West Virginia Code § 49-4-610(9) barring improvement periods for extended periods of time:

> no combination of improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interests to extend the time limits contained in this paragraph.

Ms. Banks argues that the post-dispositional improvement period granted below far exceeded this limitation because the children had already been out of S.K.'s care for fourteen and twenty months, respectively, at the time the circuit court granted S.K.'s motion. And, she contends that the circuit court failed to make any findings that it was in the children's best interest to grant an extension.

---

[9] *See, e.g., In re J.G.*, 240 W. Va. 194, 204, 809 S.E.2d 453, 463 (2018) ("Discretion granted to the circuit court within [the abuse and neglect] framework is intended to allow the court to fashion appropriate measures and remedies to highly complex familial and inter-personal issues—it does not serve as a blanket of immunity for the circuit court[.]").

On the other hand, S.K. argues that the circuit court did not exceed its authority in granting her a post-dispositional improvement period because the circuit court heard testimony sufficient for it to determine that: (1) S.K. was likely to fully participate in an improvement period; (2) S.K. experienced a substantial change in circumstances; (3) no "compelling circumstances" justified a denial of the post-dispositional improvement period; and (4) granting the improvement period was in the children's best interest. For the reasons discussed below, we agree with Ms. Banks that the circuit court exceeded its legitimate authority.

The language of West Virginia Code § 49-4-610(9) could not be clearer that unless the court makes detailed findings that clear and convincing evidence shows that an extension is in the best interest of the children, its time limitations apply. It is an undisputed fact that S.W. and N.W. were in foster care for twenty months, and M.W. was in foster care for fourteen months when the circuit court granted S.K. a post-dispositional improvement period. And, the circuit court's order includes no findings, let alone detailed findings, that granting S.K.'s motion for an improvement period in violation of the time limit imposed by § 49-4-610(9) was in the best interest of these children. We also do not find anything in the record to suggest as much.

Instead, the circuit stated in the order that it could not "find any compelling circumstances to justify a denial of [S.K.]'s motion for a post-dispositional improvement period." The court apparently based this finding on Syllabus Point 9 of *State ex rel. Diva*

*P. v. Kaufman*,[10] which holds that a parent is permitted to move for an improvement period, and that such period shall be allowed "unless the court finds compelling circumstances to justify a denial." The *Diva P.* standard does not control here because, even though S.K. was permitted to request a post-dispositional improvement period, the grant of that request would have been (and was) in direct conflict with the clear statutory language of § 49-4-610(9).[11] So, at this stage of the proceedings, the question was not whether there were compelling circumstances to justify *denial* of the improvement period, it was whether there was clear and convincing evidence that granting the improvement period was in the best interest of the children.

We have previously addressed the failure of courts to adhere to statutory requirements and deadlines in abuse and neglect matters. As we recently explained, these are not mere guidelines:

---

[10] 200 W. Va. 555, 490 S.E.2d 642 (1997).

[11] The holding in *Diva P.* also does not control here because it has been superseded by statute as a result of the 2015 recodification of Chapter 49 of the West Virginia Code. *Diva P.* was based upon a prior version of the West Virginia Code, specifically § 49-6-2(b) (1984), which stated that

> "[a]ny parent or custodian may, prior to final hearing, move to be allowed an improvement period of three to twelve months in order to remedy the circumstances or alleged circumstances upon which the proceeding is based. The court shall allow one such improvement period unless it finds compelling circumstances to justify a denial thereof[.]"

Under the 2015 recodification, there is no comparable provision stating that courts *shall* grant parental requests for improvement periods in the absence of compelling circumstances justifying a denial.

8

> [t]he procedural and substantive requirements of West Virginia Code § 49-4-601 *et seq.*, the Rules of Procedure for Child Abuse and Neglect, and our extensive body of caselaw are not mere guidelines. The requirements contained therein are not simply window dressing for orders which substantively fail to reach the issues and detail the findings and conclusions necessary to substantiate a court's actions. The time limitations and standards contained therein are mandatory and may not be casually disregarded or enlarged without detailed findings demonstrating exercise of clear-cut statutory authority. [12]

And, we have held that "[p]rohibition is available to abused and/or neglected children to restrain courts from granting improvement periods of a greater extent and duration than permitted under [W. Va. Code §§ 49-4-601 *et seq.*]."[13]

The circuit court's grant of S.K.'s motion for an improvement period undeniably caused these children to be in foster care in excess of fifteen of the most recent twenty-two months in violation of the time limitation contained in West Virginia Code § 49-4-610(9). And, the circuit court failed to make appropriate detailed findings that the grant of this improvement period was in the best interest of the children, nor do we find anything in the record to suggest as much. So, we conclude that the circuit court's grant of S.K.'s motion for a post-dispositional improvement period was clearly erroneous as a matter of law, and we grant Ms. Banks's petition for a writ of prohibition.

---

[12] *In re J.G.,* 240 W. Va. at 204, 809 S.E.2d at 463.

[13] Syl. Pt. 2, *State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 470 S.E. 2d 205 (1996).

Having prohibited the circuit court's order granting S.K.'s motion for an improvement period, we conclude that this case must be remanded to the circuit court for disposition. Ms. Banks requests that we direct the circuit court to terminate S.K.'s parental rights under West Virginia Code § 49-4-604(c)(6) because there is no reasonable likelihood S.K. can correct the conditions that led to the filing of the abuse and neglect petition in the near future. On the other hand, S.K. argues that a less-restrictive disposition is more appropriate. For the reasons discussed below, we agree with Ms. Banks that the circuit court must terminate S.K.'s parental rights.

The record is clear that S.K. had eighteen months, between the start of her post-adjudicatory improvement period in May 2018 to disposition in October 2019, to rectify the conditions that led to the filing of the underlying abuse and neglect petition. In that time she failed to make any measure of improvement as (1) she failed to successfully complete a drug rehabilitation program three times, and (2) she failed to participate in any of the services required to successfully complete her improvement period. While we acknowledge that S.K. may have attained some level of sobriety toward the end of the underlying proceeding, and we wish her well in her continued efforts, we cannot ignore that those efforts came far too late in this process—approximately 90 days prior to disposition—and that the long period awaiting those efforts was not in the best interest of the children. We also cannot ignore that S.K. has made no progress in completing the other requirements of an improvement period since she attained sobriety.

Though the record indicates that S.K. has obtained full-time employment and that she has applied for housing assistance, we are careful to note that she failed to participate in any of the DHHR's provided services and that she has not yet obtained suitable housing for her and the children. Finally, we are also mindful that, in the several months it would take for S.K. to successfully complete an improvement period, the infant children in this matter would remain in a prolonged state of uncertainty. We have made abundantly clear that

> [l]ack of permanency is without a doubt psychologically harmful to children irrespective of their age and/or awareness of the proceedings given the profound impact this uncertainty has on their caregivers, daily surroundings, and routine. Unwarranted delay in obtaining permanency merely compounds the circumstances which give rise to the abuse and neglect petition in the first instance.[14]

So, we conclude that it is in the children's best interest to terminate S.K.'s parental rights, and we instruct the circuit court to do so on remand. Because S.K. is now making strides in her treatment program, we instruct the circuit court to analyze whether post-termination visitation would be in the best interest of the children, and we leave that determination to the circuit court based upon the outcome of that analysis.

---

[14] *In re J.G.,* 240 W. Va. at 203 n.15, 809 S.E.2d at 462 n.15. We also disagree with the circuit court's finding that "permanency of the children is not hindered with the granting of this improvement period" because the children are placed in the same foster home where they have been for the duration of the underlying proceedings. While keeping these children in foster care may maintain their current living arrangement, it does nothing to move toward permanency. The extended uncertainty about the children's final home is precisely what the time limit set forth by West Virginia Code § 49-4-610(9) seeks to prevent. So, we find that the circuit court's reasoning is flawed, and permanency would be hindered by the grant of this improvement period.

11

## IV. CONCLUSION

For these reasons, we conclude that granting S.K.'s motion for a post-dispositional improvement period was clearly erroneous as a matter of law, and we grant Ms. Banks's petition for a writ of prohibition. We also remand this matter for disposition and instruct the circuit court to terminate S.K.'s parental rights. Finally, we instruct the circuit court to determine whether an order granting post-termination visitation would be in the best interest of the children.

Writ granted, and remanded with instructions.